UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DERRELL DAVANTES,

*COMPLAINT AND*
*JURY DEMAND*

Plaintiff,

-against-

Docket No.

DANIELLE ALAMRANI; and JOHN and JANE
DOE 1-18 (individually and in their official
capacities, the names John and Jane Doe being
fictitious, as the true names are presently unknown),

1:15-cv-07170

ECF CASE

Defendants.
------------------------------------------------------------------------X

Plaintiff Derrell Davantes, by his attorney John Paul DeVerna, Esq. of DeVerna Law, for

his complaint against Defendants alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and

42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth

Amendments of the United States Constitution.

2. The claim arises from a December 25, 2012 incident in which Defendants, acting

under color of state law, unlawfully entered and searched his home, falsely arrested him, used

unreasonable force on him, and tasered him. Mr. Davantes initially spent approximately 27 hours

unlawfully in police custody.  At central bookings, the King's County District Attorney's Office

declined to prosecute Mr. Davantes case, and released him with no official charges.

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as

well as an award of costs and attorneys' fees, and such other and further relief as the Court deems

just and proper.

1

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and 1343(a) (3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff Derrell Davantes ("Mr. Davantes") resided at all times here relevant in Brooklyn, King's County, City and State of New York.

8. Danielle Alamrani, Shield No. 28842 ("Alamrani") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Alamrani was, at the time relevant herein, a Police Officer under Shield # 28842 of the 94th Precinct. Defendant Alamrani is sued in her individual capacity.

9. At all times relevant Defendants John and Jane Doe 1 through 18 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 18.

10. At all times relevant herein, Defendants John and Jane Doe 1 through 18 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and

2

Jane Doe 1 through 18 are sued in their individual and official capacities.

11. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

12. On December 25, 2012, at approximately 9:30AM, Plaintiff was inside his home located at 280 Frost Street, Apartment 5H, in Brooklyn, New York.

13. Inside the apartment with Plaintiff was Plaintiff's mom, Regina Davantes, and Plaintiff's friend Dason Beam.

14. Based on information and belief Defendants responded to Plaintiff's home after receiving a call from Kiana Ortiz stating that Beam violated an order of protection on July 4, 2011 at 275 Jackson Street in Brooklyn, and further stating that Beam was inside Plaintiff's home.

15. Plaintiff and Regina told the Defendants that Beam was inside their home but that the police could not enter without a warrant.

16. A white male police officer responded by stating, "Fuck that" and tasered the Plaintiff leaving marks on his body.

17. Defendants, acting in concert, then dragged Plaintiff out of his home, slammed Plaintiff to the ground, twisted Plaintiff's arms, and handcuffed Plaintiff unreasonably tight.

18. Defendants' use of force caused Plaintiff pain and injuries including bruising, swelling, and taser prong marks in Plaintiffs arm.

19. Defendants searched Plaintiff's person and found no contraband or anything of illegality on him.

20. Plaintiff did not resist arrest.

21. Defendants entered and searched Plaintiff's home and arrested Beam.

22. Defendants did not have a warrant authorizing them to enter and search Plaintiff's home.

23. Defendants did not have consent authorizing them to enter and search Plaintiff's home.

24. Defendants did not have exigent circumstances authorizing them to enter Plaintiffs home.

25. Defendants arrested Plaintiff, Regina, and Beam and brought them to the 94th Precinct. In the precinct, an unknown Defendant approved the arrest of Plaintiff despite knowing the arrest was unlawful.

26. While Plaintiff was in the precinct, Defendants, including Defendant Alamrani, falsely alleged in police reports that Plaintiff obstructed governmental administration and resisted arrest.

27. An EMS worker treated plaintiff at the precinct for his injuries from the Taser.

28. Plaintiff was eventually taken to Brooklyn Central Booking.

29. Defendants, including Defendant Alamrani conveyed false information to prosecutors in order to have Mr. Davantes prosecuted for obstructing governmental administration and resisting arrest.

30. The Kings County District Attorney's Office assessed Defendants' case against Plaintiff and declined prosecution, resulting in Plaintiff being released from custody on December 26, 2012.

31. Plaintiff spent approximately 27 hours unlawfully in police custody.

32. Defendants, including Defendant Alamrani, prepared false sworn affidavits and false police reports relating to Mr. Davantes' arrest.

33. Defendants, including Defendant Alamrani, repeatedly falsified information relating to the facts and circumstances surrounding Mr. Davantes' arrest, including a false claim they had observed Mr. Davantes obstruct governmental administration.

34. Those reports were forwarded to one or more prosecutors at the King's County District Attorney's office.

35. Upon information and belief, Defendants spoke to one or more prosecutors at the King's County District Attorney's office and falsely informed them that Mr. Davantes obstructed governmental administration on December 25, 2012.

36. At all times relevant hereto, Defendants were involved in the decision to arrest Mr. Davantes without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Mr. Davantes without probable cause.

37. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. Davantes and violate his civil rights.

38. As a direct and proximate result of the acts of Defendants, Mr. Davantes suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of wages and loss of liberty.

### FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

39. The above paragraphs are here incorporated by reference as though fully set forth.

40. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiffs without reasonable suspicion.

41. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

42. The above paragraphs are here incorporated by reference as though fully set forth.

43. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

44. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

45. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

46. The above paragraphs are here incorporated by reference as though fully set forth.

47. By their conduct, as described herein, Defendants are liable to Plaintiff for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

48. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

49. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that

there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

50. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

51. The above paragraphs are here incorporated by reference as though fully set forth.

52. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Mr. Davantes resisted arrest, obstructed governmental administration, possessed a controlled substance, and other acts.

53. The individual Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

54. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fourth and Fourteenth Amendments of the United States Constitution.

55. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

56. The above paragraphs are here incorporated by reference as though fully set forth.

57. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

7

58. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

59. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983

60. The above paragraphs are here incorporated by reference as though fully set forth.

61. The individual Defendants used excessive, unreasonable and unnecessary force with plaintiff.

62. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on the plaintiff without consent.

63. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.


**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory and special damages in an amount to be determined by a jury;

d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


Dated: December 16, 2015
        New York, New York


**JOHN PAUL DEVERNA**
Counsel for the Plaintiff


_____
By: John Paul DeVerna (JD4332)
DeVerna Law
305 Broadway, 14th Floor
New York, NY 10007
(212) 321-0025 (office)
(212) 321-0024 (fax)

9